22 F.3d 1184
 146 L.R.R.M. (BNA) 2192
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
NEW FRONTIER CONSTRUCTION CO., INC., Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 92-1582.
 United States Court of Appeals, District of Columbia Circuit.
 March 29, 1994.
 
 Before: MIKVA, Chief Judge, SILBERMAN and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 The petition for review and cross-petition for enforcement were considered on the record from the National Labor Relations Board and on the briefs of counsel. The arguments have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir.Rule 36(b).
 
 
 2
 Petitioner, an employer, challenges an order of the National Labor Relations Board granting summary judgment against petitioner for refusing to bargain with a newly-elected union, in the face of the employer's affirmative defense that the election was invalid due to union misconduct and improper supervision by the Board. The Board rejected this affirmative defense because the employer's initial objections to the conduct of the election had been untimely filed. We find that petitioner has waived its argument that the objections were, as a factual matter, timely filed. We further find no merit in petitioner's contention that the Board arbitrarily applied its deadlines. See John I. Haas, Inc., 301 N.L.R.B. 300 (1991) (adopting and explaining current deadline rules). Finally, we do not agree with petitioner's argument that the Board's regulation forbidding facsimile transmissions of election objections is arbitrary and capricious. Accordingly, it is
 
 
 3
 ORDERED and ADJUDGED that the petition for review of the National Labor Relations Board's order is denied, and the cross-petition for enforcement of the Board's order is granted.
 
 
 4
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a)(1).